UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00121

**Ferrell Johnson,**
*Plaintiff,*

v.

**Palmer Administrative Servs., Inc. et al.,**
*Defendants.*

# ORDER

Plaintiff Ferrell Johnson, individually, and on behalf of named class, initiated this action on April 4, 2022 (Doc. 1), and filed his amended complaint on May 16, 2022 (Doc. 5) alleging various violations of the Telephone Consumer Protection Act ("TCPA"), TCPA regulations, and related violations of the Texas Business and Commerce Code against Palmer Vehicle Services, Inc., Vehicle Services, and another John Doe defendant. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On October 20, 2022, the magistrate judge issued a report recommending that defendant Palmer's motion to dismiss be granted in-part and denied in-part. Doc. 17. Defendant timely filed written objections. Doc. 18.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

## Discussion

Defendant appears to raise three general objections. Each is addressed in turn.

First, defendant asserts the magistrate judge's report has applied the wrong standard in determining personal jurisdiction. Doc. 18 at 2, 3. Defendant states that, "in the context of a 12(b)(2) motion, the court is required to rely on the evidence offered by the parties

regarding jurisdiction—it cannot rely only on the unsubstantiated allegations in the Complaint when, as here, defendant proffers admissible evidence contradicting those bare allegations in the complaint." *Id*. However, when a court rules on a motion to dismiss for lack of personal jurisdiction, the nonmovant need only make a prima facie showing, and the court must accept as true the nonmovant's allegations and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999) (citing *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)). Absent a full and fair evidentiary hearing on the matter, the court should not act as a factfinder and should construe all disputed allegations in plaintiff's favor. *Latshaw*, 167 F.3d at 211. Further, the report's finding that the court could properly exercise personal jurisdiction over defendant is based on the determination that plaintiff plausibly alleged the existence of an agency relationship. Doc. 17 at 8-12. Defendant conflates the 12(b)(2) analysis with the analysis of whether plaintiff has plausibly pleaded a factual basis indicating an agency relationship, between which the report clearly distinguishes. *See id*. at 8-14. For the same reasons, defendant's contention that the report's interpretation of *Horton v. Palmer Administrative Services* is in error, due to *Horton* containing no personal jurisdiction analysis, is without merit. *See* Doc. 18 at 4-5; *Horton v. Palmer Administrative Services, Inc.*, No. 2:2020-cv-03526-X-BN, 2021 U.S. Dist. LEXIS 256560 (N.D. Tex. June 8, 2021). For these reasons, this objection is overruled.

Second, defendant objects to the report's finding that plaintiff adequately pleaded the existence of an agency relationship, and that Palmer may be vicariously liable for the acts of an alleged agent. Doc. 18 at 3-5. Defendant specifically objects to the finding that "Defendant Palmer sells extended vehicle service contracts." Doc. 18 at 3. Although defendant acknowledges that the magistrate judge's report also details its own sworn declaration testimony, Palmer asserts that the finding that it "sells" vehicle service contacts to be false and unduly prejudicial within the report's agency analysis. *Id*. at 3-4. However, as defendant noted, the report quotes defendant's sworn declaration testimony that "Palmer does not market or sell the contracts it administers," and that Palmer's affiliates are "contractually

authorized the right to enter into commercial arrangements under which the third-parties are authorized to sell Palmer-administered contracts." Certainly, Palmer is not suggesting that third parties sell Palmer-administered service contracts of their own volition. Thus, defendant's objection to the finding that it is engaged in "selling" vehicle service contracts is overruled.

As to defendant's second objection, more broadly, the question of whether an agency relationship exists is generally a question of fact. *Callier v. National United Group, LLC*, No. EP-21-CV-71-DB, 2021 WL 5393829, at *5 (W.D. Tex. Nov. 17, 2021) (citing *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 870 (5th Cir. 2000)). The magistrate judge's report correctly determined that in the context of a pre-discovery motion to dismiss, plaintiff has pleaded sufficient facts to indicate the existence of an agency relationship, whether considered in the context of Federal Rule of Civil Procedure 12(b)(2) or 12(b)(6). *See* Doc. 17 at 8-12.

Third, defendant argues that the report erred in recommending plaintiff's claims pursuant to the Texas Business and Commerce Code not be dismissed given the plain language of the statute. Doc. 18 at 7-8. Defendant states that "unlike TCPA claims, for which the FCC has established vicarious liability, the much narrower statutory language of the TBCC does not permit such relief." *Id.* at 8. The court disagrees. When a plaintiff has plausibly pleaded a claim under 47 U.S.C. § 227(b) of the TCPA, the plaintiff has also pleaded a claim under the Texas counterpart, section 305.053 of the Texas Business and Commerce Code. *Starling v. J Whales Home Solutions LLC*, No. 4:21-cv-01261-O, 2022 WL 1156021, at *4 (N.D. Tex. Apr. 19, 2022). Further, in *In re DISH Network, LLC*, adopting the FCC's ruling, the Supreme Court simply relied upon federal common-law principles of agency, which accord with the Restatement (Third) of Agency (quotations and citations omitted). *See In re DISH Network, LLC*, 28 FCC Rcd 6574, 6584 (2013); *see also Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519568, at *5 n.11 (E.D. Tex. Apr. 30, 2019).

Defendant further disagrees with the report's finding that plaintiff's statement alleging plaintiff suffered "annoyance, intrusion on privacy, and wasted time" constituted a plausible showing for actual damages. Doc. 18 at 8. Defendant states that, "[t]o show actual damages, a complaint must contain more than 'only a conclusory statement.'" *Id.* (quoting *Duplechaine v. Phh Mortg. Corp.*, No. 3:19-cv-00340, 2021 U.S. Dist. LEXIS 217831, at *5 (S.D. Tex. Sep. 23, 2021)). However, plaintiff's response indeed includes plausible factual allegations as to the dates and times the alleged phone calls were received, the phone numbers associated with the calls, and a description of the alleged prerecorded voice message, and the process plaintiff followed in purchasing the Palmer vehicle service, indicating at base, lost time to the plaintiff. Doc. 10 at 2; *see Duplechaine*, 2021 U.S. Dist. LEXIS 217831, at *5-6 (stating that the complaint must include facts giving rise to a reasonable inference that the plaintiff suffered actual damages from the alleged violation of the statute) (quotations omitted). These factual allegations certainly allow for the reasonable inference that the calls wasted plaintiff's time and caused annoyance. Accordingly, this objection is overruled.

Having reviewed the magistrate judge's report de novo, and having found no error, defendant's objections are overruled, and the report and recommendation of the magistrate judge (Doc. 17) is accepted. *See* Fed. R. Civ. P. 72(b)(3). Defendant's motion to dismiss is granted in-part with respect to plaintiff's second, third, and fourth claims alleging violations of 47 C.F.R. §§ 64.1200(d)(1), 64.1200(d)(2), and 64.1200 (d)(4), respectively, and denied as to all other grounds.

*So ordered by the court on November 14, 2022.*

J. CAMPBELL BARKER
United States District Judge